```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF MISSOURI
                           SOUTHEASTERN DIVISION
```

| | |
|---|---|
| ROBINSON MECHANICAL CONTRACTORS ) | |
| INC. d/b/a ROBINSON CONSTRUCTION ) | |
| COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15CV77 SNLJ |
| ) | |
| PTC GROUP HOLDING CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Robinson Mechanical Contractors Inc. d/b/a Robinson Construction Company ("Robinson") filed this lawsuit against defendant PTC Group Holdings Corp. ("PTC Group") on March 5, 2015. Plaintiff performed extensive construction work at PTC Group's subsidiary's steel tubing manufacturing plant in Hopkinsville, Kentucky, pursuant to a contract between plaintiff and the PTC Group subsidiary, PTC Seamless. When the PTC Group subsidiary --- PTC Seamless --- fell behind on paying its invoices from plaintiff, PTC Group stepped in and made some payments pursuant to a new letter agreement between PTC Group and plaintiff dated December 2014. Ultimately, plaintiff found itself owed $14.8 million for labor and materials that it and its subcontractors had furnished for the construction project. Despite the fact that plaintiff had a contract with the PTC Group subsidiary --- PTC Seamless --- plaintiff filed this lawsuit against PTC Group on the basis of that 2014 letter agreement between PTC Group and plaintiff.

PTC Group moved to dismiss (1) for failure to name Seamless as a defendant, and (2) for failure to state a claim. This Court held that Seamless was not a necessary party in light of the fact that plaintiff based its claims on the 2014 Letter Agreement, to which Seamless was not a party. On March 31, 2016, the Court dismissed plaintiff's claims for breach of contract, breach of duty of good faith and fair dealing, and quantum meruit. (#27.) Defendant's motion was denied as to plaintiff's claims for fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel. (*Id.*)

The parties have since engaged in discovery. The Case Management Order set a deadline for amendment of pleadings and joinder of additional parties of September 30, 2016. (#33.) Due to ongoing depositions, plaintiff requested and received an extension of time for that deadline to October 31, 2016. (#38.) Plaintiff filed a motion to file a Second Amended Complaint on October 31, seeking to add Seamless as a defendant, to add a new count to pierce the corporate veil between Seamless and PTC Group, and to reassert counts previously dismissed based upon new allegations in light of facts discovered since the filing of the First Amended Complaint. (#40.) Defendant PTC Group opposes the motion.

Federal Rule of Civil Procedure 15(a) provides that the district court should freely give leave to a party to amend its pleadings when justice so requires. *See Popoalii v. Corr. Med. Services*, 512 F.3d 488, 497 (8th Cir. 2008). Such a motion to amend should be denied when "such amendment would unduly prejudice the non-moving party or would be futile." *Id.*

PTC Group argues that adding Seamless as a defendant would be futile because Seamless, after going through bankruptcy, has dissolved. In fact, Seamless may still be sued under Delaware law, 8 Del. C. § 278, and it is clear that plaintiff intends to pursue veil-piercing and alter-ego theories with respect to Seamless and PTC Group. Adding Seamless is therefore not futile. PTC Group argued in their motion to dismiss that Seamless was a necessary and indispensable party, so PTC Group is hard-pressed to object to joinder now. The Court grants leave to plaintiff to add Seamless as a party.

The bulk of the parties' briefing pertains to plaintiff's reassertion of Counts I, II, and VI --- breach of contract, breach of the covenant of good faith and fair dealing, and quantum meruit/unjust enrichment --- all of which were previously dismissed by this Court as to PTC Group. Plaintiff now names both Seamless and PTC Group to those counts in the Second Amended Complaint.

PTC Group argues that plaintiff's motion for leave is in fact a motion for reconsideration of this Court's March 31 order in disguise. Although plaintiff does not specifically invoke Federal Rule of Civil Procedure 54(b), which governs motions for reconsideration under these circumstances, plaintiff asserts that the Court "has the inherent power to reconsider and modify and interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007); *see* #43 at 6. Plaintiff acknowledges that the Court's March 31, 2016 order stated that "the only payment defendant agreed to make was for the outstanding balance owed by Seamless to plaintiff for work billed in October and November by January 2, 2015." (#27 at 13.) Contrary to the Court's interpretation of the 2014 letter agreement, plaintiff

3

explains that recent deposition testimony establishes that PTC Group's then-CEO interpreted the letter agreement as promising that PTC Group would pay for the work that Robinson would do in the future --- not just the outstanding balance owed by Seamless for work already billed.

Plaintiff thus seeks leave to reassert the claims for breach of contract, breach of the covenant of good faith and fair dealing, and quantum meruit/unjust enrichment based on the 2014 letter agreement and the additional evidence produced during discovery.

Defendant characterizes plaintiff's argument as new legal interpretation that should have been presented in opposition to defendant's motion to dismiss. The Court disagrees. Plaintiff made similar arguments in opposition to the motion to dismiss, but plaintiff's motion to amend is based upon evidence uncovered during discovery. Defendant argues that the PTC Group CEO's testimony is "heavily truncated" and "divorced from its context." (#51 at 11.) But defendant did not offer any additional deposition transcript pages or explanation other than to say that the CEO's testimony referred to "method of payment for the outstanding balance" and did not "show or imply a guaranty by PTC to pay for Seamless." (#51 at 12.) The Court disagrees. The deposition testimony is clear:

> Q: And -- and the payments we're talking about are payments for the work that Robinson is going to be doing, right?
>
> A: Or as done.
>
> Q: Or has done?
>
> A: Um-hmm.

4

> Q: Either way?
>
> A: Um-hmm.

Although the parties further argue regarding whether the 2014 letter agreement is ambiguous, the Court need not resolve those matters as part of plaintiff's motion for leave. Defendant maintains that plaintiff cannot overcome the standards of Rule 54(b), but the Court has "substantial discretion" in these matters. *See Smith v. Grifols USA, LLC*, 4:15CV00431 ERW, 2016 WL 4073672, at *2 (E.D. Mo. Aug. 1, 2016); *see also Woods v. DaimlerChrysler, Corp.*, 4:02CV834CDP, 2003 WL 24196898, at *4 (E.D. Mo. Dec. 2, 2003). Plaintiff's request for leave to amend is well-taken and timely --- indeed, Case Management Orders provide time for parties to amend pleadings for circumstances such as these.

Plaintiff's timely motion for leave to amend its complaint will be granted. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file its Second Amended Complaint is **GRANTED**.

Dated this 27th day of January, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE