UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBINSON MECHANICAL CONTRACTORS INC. d/b/a ROBINSON CONSTRUCTION COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PTC GROUP HOLDING CORP., and PTC SEAMLESS TUBE CORP., <br><br> Defendants. | Case No. 1:15-CV-77 SNLJ |

## MEMORANDUM AND ORDER

This case comes before the Court on two discovery-related motions by the plaintiff. Plaintiff Robinson Mechanical Contractors Inc. d/b/a Robinson Construction Company ("plaintiff") asks this Court to order the defendant PTC Group Holdings Corp. ("PTC Group"), a parent corporation in possession of relevant documents of its now-dissolved, previously wholly-owned subsidiary PTC Seamless Tube Corp. ("Seamless"), to produce all of Seamless' documents withheld on the ground of privilege (#69). Additionally, plaintiff requests this Court to order PTC Group to produce a privilege log that complies with the Federal Rule of Civil Procedure 26 (#67). PTC Group opposes both motions. The issues are voluminously briefed, including supplemental briefing, and ripe for disposition.

**I.     Background**

Plaintiff filed this lawsuit against defendant PTC Group on May 5, 2015. Plaintiff performed extensive construction work at PTC Group's subsidiary's steel tubing manufacturing plant in Hopkinsville, Kentucky, pursuant to a contract between plaintiff and the PTC Group subsidiary, Seamless. When the PTC Group subsidiary – Seamless – fell behind on paying its invoices from plaintiff, PTC Group stepped in and made some payments pursuant to a new letter agreement between PTC Group and plaintiff dated December 2014. Ultimately, plaintiff claims that it is owed $14.8 million for labor and materials that it and its subcontractors had furnished for the construction project. Despite the fact that plaintiff had a contract with the PTC Group subsidiary – Seamless – plaintiff filed this lawsuit against PTC Group on the basis of that 2014 letter agreement between PTC Group and plaintiff. On January 27, 2017, this Court granted the plaintiff's motion for leave to file its second amended complaint, which added a new claim to pierce Seamless' corporate veil in addition to re-asserting several claims that were dismissed, and added Seamless as a defendant (#65).

The instant motions relate to Seamless' eventual bankruptcy and related document transfers to its parent corporation, PTC Group. Facing impending bankruptcy, Seamless sought to avoid the burden and cost of discovery on its own behalf. Thus, the parties created a stipulation and order, approved on October 30, 2015 by the U.S. Bankruptcy Court for the Western District of Pennsylvania, which governed the document transfer from Seamless to PTC Group in an effort to preserve Seamless' documents relating to this action (#68-1). Thereafter, on November 3, 2015, the bankruptcy court approved the sale of Seamless' assets. The following month, after a structured dismissal, the

bankruptcy court dismissed Seamless' bankruptcy case. On January 29, 2016, Seamless filed a certificate of dissolution with the state of Delaware. Seamless' Chapter 11 case and adversary proceeding were closed in February 2016.

Before its ultimate dissolution and bankruptcy, Seamless transferred relevant documents to PTC Group pursuant to the bankruptcy court's stipulation and order. The meaning of pertinent paragraphs within the stipulation and order are highly disputed by the parties. Paragraph 9D states, in part:

> **PTC Group will take possession and custody of [Seamless'] Hopkinsville Documents and maintain them in their current state. [Seamless] will confirm in writing to Robinson when PTC Group has taken possession and custody of the Hopkinsville Documents.** *The parties agree that the transfer of and any subsequent review by PTC Group of any of the Hopkinsville Documents shall not result in a waiver of any privileges that <u>may</u> exist, including without limitation the attorney-client and attorney work product privileges*.

(emphasis added).

Further, paragraph 9E states, in part, "PTC Group will produce to Robinson all documents and information responsive to [Robinson's discovery requests], other than documents withheld on the basis of attorney-client, work product or other applicable privilege (and provide a log of all documents withheld on the basis of privilege)."

Plaintiff claims that because Seamless is dissolved, defunct, and in default in this action, with no business, assets, or management, that Seamless cannot assert any privilege as to its documents transferred to PTC Group. PTC Group contends that the above paragraphs from the stipulation and order essentially granted it the power to assert Seamless' privileges forever. Plaintiff counters that paragraph 9D is a simple non-waiver

3

clause and did not grant PTC Group an independent power to assert Seamless' privileges. In other words, plaintiff claims that if Seamless does not have the power to assert its own privileges, the stipulation and order did not create a new power for PTC Group to assert Seamless' privileges.

However, in its supplemental briefing on the matter, PTC Group, for the first time, asserted that PTC Group could assert Seamless' privileges because PTC Group and Seamless shared the same in-house counsel and were joint-clients. Under this new theory, PTC Group now asserts its own privilege, as a joint-client of Seamless, to prevent the plaintiff's discovery of Seamless' documents relating to the Hopkinsville plant.

## II. Joint-Client Privilege

The leading case on joint-client privilege is *In re Teleglobe Communications Corp.*, 493 F.3d 345 (3d. Cir. 2007), as amended (Oct. 12, 2007), which expounds on and clarifies the Restatement (Third) of the Law Governing Lawyers § 75(1). Under that section, if two or more persons are represented by the same lawyer or lawyers, "a communication of either co-client that otherwise qualifies as privileged . . . and relates to matters of common interest is privileged as against third persons, and any co-client may invoke the privilege, unless it has been waived by the client who made the communication." As explained in *Teleglobe*, "a client may unilaterally waive the privilege as to its own communications with a joint attorney, so long as those communications concern only the waiving client," however, it cannot "unilaterally waive the privilege as to any of the other joint clients' communications or as to any of its communications that relate to other joint clients." *Id.* at 363 (citing Restatement (Third)

4

of the Law Governing Lawyers § 75(2) at cmt. e). Documents relating to multiple joint-clients may only be waived if all clients consent to the waiver. *Id.* at 381.

The joint-client privilege, like the general attorney-client privilege, provides corporate clients no less benefit than it provides to individuals. *Id.* at 359-361. As such, for a corporation to invoke the joint-client privilege, the common interest shared by joint-client corporations – like that of individuals seeking to invoke the privilege – must be identical or nearly so "in order that an attorney can represent them all with the candor, vigor, and loyalty that our ethics require." *Id.* at 366 (*citing Fed. Deposit Ins. Corp. v. Ogden Corp.*, 202 F.3d 454, 461 (1st Cir. 2000). Regarding the required commonality of corporations' legal interests, several Delaware courts have held that parent corporations and their wholly-owned subsidiaries have the same interests "because all of the duties owed to the subsidiaries flow back up to the parent." *Id.* In fact, "the only interest of a wholly owned subsidiary is in serving its parent." *Id.* at 367. (internal citation omitted).

Here, PTC Group claims that it can independently assert the attorney-client privilege shared by it and Seamless in the alleged joint-client representation. This is so because, as PTC Group alleges, essentially at all times and for all matters relevant to this action, PTC Group and Seamless shared a common interest and shared in-house counsel, making them joint-clients. This Court agrees that PTC Group may assert the joint-client privilege, on behalf of itself and Seamless, for documents that otherwise qualify as privileged and relate to matters of common interest of the two corporations. For the same reasons, PTC Group can assert Seamless' work product doctrine privilege.

IV. **Motion to Compel Privilege Log**

5

With respect to plaintiff's motion to compel PTC Group to produce a more detailed privilege log, the Court grants the motion to compel. Even though PTC Group may assert its own privilege, it must still establish the requisite elements of the joint-client privilege – including that both PTC Group and Seamless shared the same legal interest as it relates to each document on PTC Group's privilege log – which may require the identification of the source of the withheld document. Federal Rule of Civil Procedure 26(b)(5)(A) requires that the party claiming privilege must expressly make that claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess that claim." Here, PTC Group's current privilege log is insufficient. Without more information, plaintiff cannot assess the sufficiency of the claim of privilege. However, the Court will not micro-manage the means by which the documents are produced and will not order PTC Group to use Bates-labeling as the exclusive means of production.

### III. Conclusion

PTC Group may assert the attorney-client privilege as it relates to communications between PTC Group, Seamless, and their shared attorneys. However, within its privilege log, PTC Group must sufficiently establish, for each document, the elements required to assert the joint-client privilege – which may require identification of the source of the document.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel PTC Group to produce Seamless' documents withheld on the ground of privilege (#69) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel PTC Group to produce a privilege log (#67) is **GRANTED**.

So ordered this 12th day of May, 2017.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE