UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBINSON MECHANICAL )<br>CONTRACTORS INC. d/b/a )<br>ROBINSON CONSTRUCTION CO., )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PTC GROUP HOLDINGS CORP., and )<br>PTC SEAMLESS TUBE CORP., )<br> )<br>Defendants. ) | Case No. 1:15-CV-77 SNLJ |

# **MEMORANDUM and ORDER**

This matter is before the Court on two motions pertaining to witness testimony. Plaintiff Robinson Mechanical Contractors Inc. d/b/a Robinson Construction Company ("Robinson") moves to exclude in part the testimony of law professor Jonathan Macey, who was retained by defendant PTC Group Holdings Corp.'s ("PTC") (#111). Defendant PTC moves to strike (#146) the affidavit of Robinson's President Paul Findlay, which was filed in support of Robinson's opposition to PTC's motion for summary judgment. Both motions are fully briefed and ripe for disposition. Familiarity with the facts of this case is presumed.

**I.     Motion to Exclude In Part Testimony of Prof. Jonathan Macey**

Robinson seeks to exclude two aspects of Prof. Macey's testimony. First, Robinson states that Macey seeks to offer legal conclusions and "public policy" concerns to the jury about imposing liability on parent companies (such as defendant PTC).

1

Second, Robinson states that Macey seeks to provide an ultimate opinion regarding whether veil-piercing is proper and whether Robinson's evidence weighs in favor of allowing veil-piercing, including whether "public policy" does or does not support piercing the corporate veil under the facts of this case.

This Court must act as a "gatekeeper" to "insure that proffered expert testimony is both relevant and reliable." *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003)); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Federal Rule of Evidence 702 governs the standard for this Court's admission of expert testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Plaintiff Robinson claims that Macey's opinions about the law of corporate governance and his view of "public policy" do not assist the trier of fact, but rather they confuse the pertinent issues by presenting Macey as a false authority on whether liability should be imposed. "It is well-settled that experts may not offer legal conclusions about a case." *Morley v. Square, Inc.*, 4:10CV2243 SNLJ, 2016 WL 1728367, at *2 (E.D. Mo.

Apr. 29, 2016) (citing *In re Acceptance Ins. Companies Sec. Litig.*, 423 F.3d 899, 905 (8th Cir. 2005)).

Defendant PTC responds that it retained Prof. Macey to provide opinions on the relationship between PTC and its former subsidiary, PTC Seamless Tube Corp. ("Seamless"), as relevant to Robinson's alter ego claim. PTC explains that Prof. Macey's testimony would be helpful to the jury due to his experience in the field of corporate governance and organization. "Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (2003). Indeed, PTC cites to other courts' opinions allowing testimony about corporate governance. *See CDX Liquidating Tr. ex rel. CDX Liquidating Trusee v. Venrock Associates*, 411 B.R. 571, 587 (N.D. Ill. 2009); *HBC Ventures, LLC v. Holt MD Consulting, Inc.*, 5:06-CV-190-F, 2012 WL 4483625, at *9 (E.D.N.C. Sept. 27, 2012). However, those cases were careful to distinguish between permissible opinions and forbidden legal conclusions. In *CDX Liquidating*, the court stated that the expert could testify only "within certain parameters." 411 B.R. at 587. The court elaborated,

> For example, he may provide a backdrop against which the jury may view this case in that he can describe how boards operate; the types of alternatives available to the Cadant Board at all relevant times; and the factors a board can and should consider when making decisions. However, he cannot judge what Defendants did or did not do; nor whether they violated the law in that if he were to opine that (and to explain how) their conduct constituted a breach of fiduciary duty, he would necessarily be deeming Plaintiff's version of the facts to be the credible account, which is prohibited. After all, the issue of whether Defendants breached their duties is an issue for the trier of fact to decide. It is not for [the expert] to tell the trier of fact what to decide.

*Id.* Similarly, in *HBC Ventures*, the court allowed the expert to "to testify to corporate norms and governance, and offer opinions on whether the relationship between

3

[defendants] diverged from those norms," but he was "prohibited from opining on whether the corporate veil…should be pierced." 2012 WL 4483625, at *9-10.

PTC insists that Prof. Macey's opinions do not constitute legal conclusions and, specifically, that Macey's "public policy" statements are not legal conclusions. Macey includes numerous statements about public policy: For example, Macey states in his Report that "there are no public policy justifications to support piercing the corporate veil in this case." (#112-1 at ¶ 50.) Further, Macey states "it would be contrary to public policy to impose personal liability on investor-managers, like PTC Group, simply on the basis that the investor-managers made business decisions on behalf of a company." (*Id.* at ¶ 62; *see also, e.g.*, ¶¶ 52, 55, 61, 62, 64, 65, 77-89, 81, 87.) Plaintiff Robinson contends that those "policy" statements are simply legal conclusions in disguise. This Court agrees. "Public policy" opinions do not assist the trier of fact. *See, e.g.*, *Austin Firefighters Relief & Ret. Fund v. Brown*, 760 F. Supp. 2d 662, 671 (S.D. Miss. 2010); *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, CIV.A. 02-2116, 2006 WL 1437169, at *4 (W.D. Pa. Jan. 19, 2006); *Godwin Gruber, P.C. v. Deuschle*, CIV.A. 300CV0017L, 2002 WL 1840929, at *3 (N.D. Tex. Aug. 9, 2002).

Further, the jury in this case will decide whether piercing the corporate veil is warranted, and Prof. Macey is answering that very question. As the Eighth Circuit has held, "[b]ecause the judge and not a witness is to instruct the factfinder on the applicable principles of law, exclusion of opinion testimony is appropriate if the terms used have a separate, distinct, and special legal meaning." *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) (internal citations omitted). Macey repeatedly uses terms with special legal meaning, including but not limited to "piercing the corporate veil," "vicarious liability," and "alter ego."

The Court will allow expert testimony regarding "practices and procedures generally used in corporate governance." *See, e.g.*, *S.E.C. v. Das*, 8:10CV102, 2011 WL 4375787, at *9 (D. Neb. Sept. 20, 2011). Indeed, plaintiff's memorandum recognizes that Prof. Macey may testify within certain parameters about corporate governance. (#112 at 8; *see also* #139 at 1.) However, Macey may not testify about legal standards and "public policy."

The Court has closely reviewed each of the paragraphs in Macey's opinion that plaintiff contends should be excluded: ¶¶ 5, 42, 44, 46-48, 50, 52, 55, 57, 61-65, 77-79, 81, 84, 87, 88, 96-98, and 103-105. This Court agrees that each should be excluded from his testimony.

## II. Motion to Strike Portions of Paul Findlay's July 6, 2017 Affidavit (#146)

PTC moves to strike an affidavit submitted by plaintiff in support of its opposition to defendant's motion for summary judgment. The affidavit is dated July 6, 2017 and was submitted by Paul Findlay, plaintiff Robinson's current President and former Vice President. Findlay gave deposition testimony eight months earlier, on October 31, 2016, and defendant PTC contends that the affidavit conflicts with that deposition testimony and does not comply with Eighth Circuit precedent and Federal Rule of Civil Procedure 56, which states

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4).

Defendant identifies 13 paragraphs in Mr. Findlay's affidavit that it says should be stricken in whole or in part for reasons of inconsistency with previous testimony, failure

to attach emails upon which the affidavit quotes, improper summary of documents, or lack of personal knowledge.  Of course, a party may not give deposition testimony as to a fact one day and then provide contradictory facts through an affidavit on a later day.  *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 498 (8th Cir. 2008).  It is apparent to this Court, however, that Mr. Findlay's affidavit does not contradict his deposition or other sworn statements.  Indeed, contrary to PTC's selective reading of the deposition, the affidavit appears to be supported by the deposition statements.  Other perceived inaccuracies identified by defendant prove to be supported by earlier testimony or documentation, too, particularly when read in context.

Next, Mr. Findlay purports to summarize certain documents, and defendant objects to those summaries because the documents speak for themselves.  The Court, of course, reads these in context and understands that the documents speak for themselves.  Mr. Findlay's affidavit is not out of bounds due to these summaries, which are obviously necessary to put Findlay's other statements in context.  To the extent Mr. Findlay uses legal terms in his descriptions of summaries (e.g., "None of these assumptions or conditions were met." (#126 at ¶ 9)), the Court again reads those statements in context.

With respect to uncited or unattached emails quoted by Mr. Findlay in his affidavit, defendant does not actually contest the authenticity of those documents.  Although it would have been advisable to cite and attach the source of the quotation, plaintiff has remedied that by attaching the email to its response in opposition (#148).  Mr. Findlay has otherwise sworn that he has personal knowledge of the contents of his affidavit.  The Court will not strike the paragraphs pertaining to quoted emails.

However, it does appear that Mr. Findlay does not have personal knowledge of matters conveyed in Paragraph 14 of his affidavit.  That paragraph recounts a meeting

among a PTC representative and members of the "Robinson team," but PTC contends that Mr. Findlay was not present at that meeting. Plaintiff does not discuss Paragraph 14 at all in its response memorandum. It appears that Findlay might have been summarizing an email he received about the meeting. However, in light of plaintiff's failure to explain or submit a revised or supplemental affidavit on this matter, the Court will not consider Paragraph 14.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to exclude in part the testimony of Jonathan Macey (#111) is GRANTED.

**IT IS FURTHER ORDERED** that defendant's motion to strike Paul Findlay's July 5, 2017 affidavit is GRANTED in part and DENIED in part as described herein.

Dated this  1st  day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE