UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBINSON MECHANICAL CONTRACTORS INC. d/b/a ROBINSON CONSTRUCTION CO., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:15-CV-77-SNLJ |
| PTC GROUP HOLDINGS CORP., and PTC SEAMLESS TUBE CORP., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant PTC Group Holdings Corp.'s ("PTC") motion to strike plaintiff Robinson Mechanical Contractors Inc.'s d/b/a Robinson Construction Company ("Robinson") jury demand as to Count VII (alter ego) (#154). The motion is fully briefed and ripe for disposition. The facts have been explained in other memorandums and orders (#151, #175) and will not be repeated here.

A party is entitled to a jury trial by simply demanding it under Federal Rule of Civil Procedure 38, unless "the court . . . finds . . . there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). The Court may find that no right exists based on a party's motion. Fed. R. Civ. P. 39(a)(2). Or it may find that no right exists on its own, without a motion. *Id.*

Before addressing whether Robinson has a federal right to a jury trial on its alter ego claim, this Court must first decide whether PTC has waived the issue. Robinson

1

argues PTC has waived the issue because PTC has conceded—eighteen times, by Robinson's count—that the alter ego claim presents a jury question.  But Rule 39 has no timing requirement.  "A motion to strike a jury demand can be made at any time." *Shaw v. Prudential Ins. Co. of Am.*, No. 10-3355-S-CV-DGK, 2012 WL 432874, at *7 (W.D. Mo. Feb. 9, 2012); *see also United States v. Schoenborn*, 860 F.2d 1448, 1455 (8th Cir. 1988) (finding that the district court did not abuse its discretion in granting a party's motion to strike the day before trial).  Because Rule 39 has no timing requirement, and because this Court can act without any motion at all, PTC has not waived the issue of Robinson's right to a jury trial on its alter ego claim.

On the merits, because this is a diversity case, the Court applies state substantive law and federal procedural law.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938).  The right to a jury trial is procedural and will be decided by federal procedural law.  *See Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam).  Federal Rule of Civil Procedure 38(a) preserves "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution [] or as provided by a federal statute . . . ."  Robinson does not rely on any federal statute to support its right.  Thus, Robinson's claimed right depends on the Seventh Amendment.

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII.  "Suits at common law" refers to suits where legal—as opposed to equitable—rights were determined.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).  When deciding whether a claim is legal or equitable, courts perform a two-step

analysis: "First, we compare the . . . action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 42 (*quoting Tull v. United States*, 481 U.S. 412, 417–18 (1987)). The second step is more important than the first. *Id.*

The parties appear to agree that the first step of this analysis is inconclusive because piercing the corporate veil had both legal and equitable origins in eighteenth-century England. *See, e.g.*, *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 136 (2d Cir. 1991); *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 736 (7th Cir. 2004). Robinson's claimed right to a jury, then, depends on the second step—the remedy sought. On this issue, there is a circuit split between the Second and Seventh Circuits.

The Seventh Circuit, in *Chromas*, 356 F.3d 731, relied on state law to determine whether the remedy sought is legal or equitable. 356 F.3d at 735. In *Chromas*, the court noted "[t]he dispositive question . . . [was] whether piercing the corporate veil under the law of Illinois is, according to federal procedural law, a form of equitable relief." *Id.* However, the *Chromas* court also observed, "Although we conclude that, under Illinois law, piercing the corporate veil is an equitable remedy to be determined by the court, this conclusion might not be reached under the law of another state." *Id.*

Citing *Chromas*, PTC relies on Delaware law to support its claim that the remedy sought (alter ego liability) is equitable. *See also Sonne v. Sacks*, 314 A.2d 194, 197 (Del. 1973). PTC also relies on *United States v. Golden Acres, Inc.*, 684 F. Supp. 96 (D. Del.

3

1988), where the district court quoted Delaware law and struck a jury demand on a veil-piercing claim. 684 F. Supp. at 103. The court held that, "Under the law of Delaware, a state which staunchly maintains the division of law and equity, 'piercing the corporate veil may be done only in the Court of Chancery, when the purpose of the action is to obtain a judgment against individual stockholders or officers.'" *Id.* (footnote omitted) (*quoting Sonne*, 314 A.2d at 197). But the district court qualified its position, stating: "This citation of Delaware law should not be misconstrued as implying that Delaware law will necessarily control our ultimate determination of whether the corporate veil of Golden Acres should be pierced; federal law may control that determination." *Id.* at 103 n.4.

In contrast, the Second Circuit, in *Passalacqua*, 933 F.2d 131, which is part of the circuit split on step two of the *Granfinanciera* analysis, determined the nature of the remedy without looking to state law. 933 F.2d at 136–37. In *Passalacqua*, the court held that the nature of the remedy is legal in a veil-piercing claim where the plaintiffs sought to pierce the veil to enforce a money judgment. *Id.* at 136. The court explained: "Plaintiffs seek to establish defendants' liability for the judgment already obtained against Developers. This is analogous to the second phase of the old creditors' bill procedure in which the creditors, having obtained a judgment against the corporation in equity, then enforced that judgment against the individual stockholders at law." *Id.* Because the plaintiff sought to

pierce the veil to enforce a *money* judgment, the court held that the remedy was legal. *Id.*[1]

In view of these differing analyses, if the nature of the remedy in a veil-piercing claim hinges on its status under Delaware law, this Court agrees that it would be equitable. *See Sonne*, 314 A.2d at 197. But this Court is persuaded by the approach in *Passalacqua*, where the court analyzed the remedy without looking to state law. In fact, most courts have analyzed the remedy sought without looking to state law. *See, e.g.*, *In re Bonds Distrib. Co.*, No. 97-52130C-7W, 2000 WL 33682815, at *7–8 (Bankr. M.D.N.C. Nov. 15, 2000); *United States v. Vacante*, No. 108CV1349OWWDLB, 2010 WL 2219405, at *3–4 (E.D. Cal. June 2, 2010); *Broyles v. Cantor Fitzgerald & Co.*, No. CV 3:10-854-JJB-CBW, 2016 WL 4054923, at *1–2 (M.D. La. July 26, 2016); *Iantosca v. Benistar Admin. Servs., Inc.*, 843 F. Supp. 2d 148, 153 (D. Mass. 2012); *In re Kollel Mateh Efraim, LLC*, 406 B.R. 24, 27–30 (Bankr. S.D.N.Y. 2009); *In re: FKF 3, LLC*, No. 13-CV-3601 (KMK), 2016 WL 4540842, at *17 (S.D.N.Y. Aug. 30, 2016).

---

[1] Additionally, in *FMC Finance Corp. v. Murphree*, 632 F.2d 413 (5th Cir. 1980), the Fifth Circuit directly addressed whether federal or state law controls the right to a jury trial in a veil-piercing claim. The court concluded:

> [I]f a valid Federal Rule of Civil Procedure is applicable, then . . . the Rule controls despite contrary state law. . . . Thus, whether the judge or jury decides an issue is one of federal law, with no *Erie* analysis problems. This Court holds that the issue of corporate entity disregard is one for the jury.

*FMC Fin. Corp.*, 632 F.2d at 421 n.5. The Fifth Circuit decided *FMC Finance Corp.* before the Supreme Court of the United States decided *Granfinanciera*. Thus, it is not part of the circuit split on the second step of the *Granfinanciera* analysis. But the Fifth Circuit's approach is still relevant because it explains why federal law controls the right to a jury trial.

Like the plaintiff in *Passalacqua*, Robinson has obtained a judgment (#151) for money damages against one party (PTC Seamless Tube Corp.). Also like the plaintiff in *Passalacqua*, Robinson hopes to pierce the corporate veil so it can enforce the judgment for money damages against a different party (PTC) (#47 at 37). An action seeking money damages is a legal action. *See* G*reat-W. Life & Annuity Ins. Co v. Knudson*, 534 U.S. 204, 210 (2002); *Passalacqua*, 933 F.2d at 136. Thus, Robinson is entitled to a jury trial on its alter ego claim under the Seventh Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant PTC's motion to strike (#154) plaintiff Robinson's jury demand on Count VII (alter ego) is **DENIED**.

Dated this   19th   day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE